**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST          )
FROM RUSSIA                      )
IN THE MATTER OF                 )        Misc. No. 08-
FORMAS, LLC                      )

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged tax evasion.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court.   By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal,  and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Russia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:

David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 2/14/08

**Prosecutor General's Office
of the Russian Federation**

15A Bolshaya Dmitrovka
Moscow, GSP-3, 125993, Russia

20.06.2007   Our ref. 82/2-1160-07

**Ms. Mary Ellen Warlow
Director**
Office of International Affairs
U.S. Department of Justice

1301 New York Ave. NW
Washington, D.C. 20005

**Dear Ms. Warlow,**

The Prosecutor General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and, pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999, applies with request for legal assistance in criminal matter No. 372034 instituted on the elements of crime specified in Art.188(4) (Contraband) and Art. 194(1) (Evasion of taxes collected from an organization and natural person) of the Criminal Code of the Russian Federation.

The Prosecutor General's Office of the Russian Federation guarantees that the documents and data obtained during the course of the request execution will be used for the purposes of the investigation only in order to ensure it being thorough, comprehensive, and impartial, and will not cause any harm to the sovereignty, security and public order of the United States of America.

Please forward the materials obtained to the Prosecutor General's Office of the Russian Federation at 15A Bolshaya Dmitrovka, 125993, GSP-3, Moscow, Russia.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America in accordance with the international treaties, where the Russian Federation and the United States of America are the Participants, as well as the legislation of the Russian Federation.

Enclosure: in 56 pages.

**Acting Chief
Main Department
for International Legal Cooperation**                    /signed/          **A.S.Kupriyanov**



Translated into English by N.Prasolova

**To the authoritative bodies**
**Of the United States of America**

INQUIRY
on legal assistance

St. Petersburg, Russia                                                                 May 21, 2007

The fourth department of the Investigating Office on fighting the organized crime of the Main Investigating Administration by the Main Board of the Internal Affairs in St. Petersburg and the Leningrad province investigates the criminal case No. 372034.

This criminal case was initiated on June 23, 2006, according to the signs of a criminal offence, determined by the 1st part of the article 188 (smuggle) and the point "g" of the 2nd part of the article 194 (evading payment of the custom duties to be collected from an organization or a physical person) of the Criminal Code of the Russian Federation (extract from the Criminal Code of the Russian Federation is enclosed).

The preliminary investigation has ascertained as follows: on 5.15.2006 mechanical machinery was transferred over the customs frontier of the Russian Federation in the area of responsibility of the custom post MAPP "Ivangorod" of the Kingisepp custom office from Estonia to the Russian Federation in the frames of the international contract No. VS/F-1, dated 12.25.2005. That was committed with fraudulent use of the documents and means of custom identification, with the objective of evading payment of the custom duties. The machinery was as follows: caterpillar bulldozer "Liebherr", model PR734L, series No. 00388, manufactured in 2006, whereas in the accompanying documents it is indicated as manufactured in 1996; caterpillar bulldozer "Liebherr", model PR734L, series No. 008382, manufactured in 2006, whereas in the accompanying documents it is indicated as manufactured in 1996; caterpillar bulldozer "Liebherr", series No. 008410, manufactured in 2006, whereas in the accompanying documents it is indicated as manufactured in 1995; caterpillar bulldozer "Liebherr", model PR734L, series No. 008471, manufactured in 2006, whereas in the accompanying documents it is indicated as manufactured in 1995. They were carried on the following vehicles: truck "Scania", registration sign 929 AVX with the trailer (semitrailer) 089 DM, driven by Mr. A. V. Puks, according to the procedure MDP "Carnet TIR", truck "Volvo", registration sing 899 TDE with the trailer (semitrailer) 077 DO, driven by Mr. I. I. Suvorov, according to the procedure MDP "Carnet TIR" No. XN 49367423, forwarding agent "Zaur Auto" OY; truck "Volvo", registration sign 782 ASV with the trailer (semitrailer) 291 DN, driven by Mr. O. V. Kravets, according to the procedure MDP "Carnet TIR" No. SX 49406194, forwarding agent "Zaur Auto" OY.

On 5.16.2006 the following machines were transferred to the St. Petersburg custom office by the s/s "Baltica" according to the procedure of the internal custom transit: self-propelled mobile machine for grinding the rock "Finlay J1175", series No. 560123, manufactured in 2006, whereas in the accompanying documents it was indicated as manufactured in 1993; self-propelled mobile machine for sorting the rock "Finlay 883", chassis No. 560108, manufactured in 2006, whereas in the accompanying documents it was indicated as manufactured in 1995.

Total value of the machinery transferred is 10.314.000 rubles.

Machinery was transferred according to the international contract No. VS/F-1, dated 12.25.2005, from the consignor "Formas", LLC, 2530 Channin Drive, Wilmington, DE 19810, USA, bank account Parex Bank corp., Riga, Latvijas Republika, Smilshu str. (Account:

████████, SWIFT: ████████ for the consignee OOO "VED-Service" (Ul. Marshala Govorova, d. 35, office 437, St. Petersburg, Russia).

Sets of documents were submitted by the director of the consignee OOO "VED-Service" Mr. V. A. Murach at the custom post "Kirovsky" of the St. Petersburg custom office for the custom clearance of the aforesaid machinery. According to these documents, custom clearance GTD Nos. 10210050/170506/0004152, 10210050/170506/0004153, 10210050/170506/0004154, 10210050/170506/0004155, 10210050/170506/0004156, 10210050/170506/0004157 was carried out and the custom duties were paid for the total amount of 974.036,93 rubles.

According to the answer from the St. Petersburg custom office, No. 15-58/8195 dd. 6.6.2006, the total amount of outstanding custom duties for the imported machinery, manufactured in 2006, is 974.036,93 rubles.

Information of the company which represents interest for the investigation: "Formas" LLC, 2530 Channin Drive, Wilmington, DE 19810, USA.

In the course of the preliminary investigation, proceeding from the article 91 of the Criminal Code of the Russian Federation, on 11.16.2006 the director of OOO "VED-Service" Mr. V. A. Murach was detained on accusation of committing a criminal offence, determined by the 4th part of the article 188 of the Criminal Code of the Russia Federation. On 11.18.2006 he was taken into custody.

With the purpose of comprehensive and objective investigation of the circumstances of the criminal case No. 372034 there appeared a necessity of conducting investigation activities in the territory of the United States of America.
Proceeding from the Agreement between the Russian Federation and the United States on mutual assistance in criminal cases dd. 06.17.1999, herewith we ask you to provide the following information and to certify it documentarily:

To interrogate as a witness the director of "Formas" LLC (2530 Channin Drive, Wilmington, DE 19810, USA) Mr. Jack Kneinel and to ask him the following questions Before the start of interrogating the witness please explain to him (if it does not contradict the legislation of the USA) requirements, provided by the articles 307, 308 and 310 of the Criminal Code of the Russian Federation, as well as the article 56 of the Criminal-Process Code of the Russian Federation):

- When and by whom "Formas" LLC was registered;
- What is the field of the company's activities;
- Since what time "Formas" LLC has been busy with these activities;
- Whether there have existed treaty relations between "Formas" LLC and OOO "VED-Service" (St. Petersburg, Ul. Marshala Govorova, dom 35, office No. 437, ████████ according to the contract No. VS/F-1 dd. 12.25.2005. Have they survived until the present day?
- Whether supplies of technique have been carried out according to the contract No. VS/F-1 dd. 12.25.2005; in the positive case what were the circumstances of its purchase, in what way this technique has been transported, whether there are facts of payment for the technique supplied (please attach copies of the corresponding documents if available);
- Which of the employees of "Formas" LLC conducted negotiations and signed documents, supervised the questions concerning treaty relations with OOO "VED-Service"; if negotiations were conducted by the person, other than Mr. Jack Kneinel, he (she) is also to be interrogated as a witness in connection with the aforesaid questions;
- Whether the account in Parex Bank corp. (Riga, Latvian Republic, Smilsu, 3 Account: ████████ Swift: ████████ belongs to "Formas" LLC;
- Whether the imprint of the seal in the accompanying documents belongs to "Formas" LLC (2530 Channin Drive, Wilmington, DE 19810, USA). Enclosure: a copy of the invoice No. 43004

*неразборчиво В. Гусев*

dd. 5.12.2006, certified with the seal 8/4 of the Main Investigating Administration by the Main Board of the Internal Affairs in St. Petersburg and the signature of the investigator;

- Whether Mr. Jack Kneinel knows the director of OOO "VED-Service" (St. Petersburg, Ul. Marshala Govorova, dom 35, office No. 437) Mr. V. A. Murach; if he does, under what circumstances they made each other's acquaintance, whether they conducted negotiations concerning supplies of the aforesaid technique.

Please make up the interrogations in written form, with signatures of the witnesses and of the official person, who conducted the interrogation. In case of refusal of a witness from signing please indicate in writing the cause thereof.

Please address the results of fulfillment of this inquiry to the Investigation Committee by the Ministry of the Interior of the Russian Federation (103009 Gazetnyi pereulok, 6, Moscow). In case of a delay with fulfillment of this inquiry, as well as of full or partial refusal from rendering legal assistance please inform the Russian party thereof immediately.

Information, contained in this inquiry, is confidential and is destined exclusively for official use, since it constitutes a secret of investigation. On our part we guarantee that the data, obtained by us as a result of fulfillment of this inquiry, are not subject to transference to the third persons and will be used only in the interests of investigation of the criminal case.

Please accept our assurance in our high respect and readiness to render mutual assistance in the frames of the aforesaid Agreement.

Contact telephone: +7-812-764-51-60, +7-812-764-20-71.

Enclosure:
- extract from the Criminal Code of the Russian Federation on three pages;
- extract from the Criminal-Process Code of the Russian Federation on five pages;
- a copy of the contract № VS/F-1 dd. 12.25.2005 on three pages.
- an English translation of the contract № VS/F-1 dd. 12.25.2005 on five pages;
- copies of invoices № № 430001, 430002, 430003, 430003, 43000 4, VS/-1-10-Y, VS/-1-10-Y, on seven pages;
- copies of international waybills (CMR) № 61906,61907,61908,61909,2805655,2805657, on six pages;
- a copy of the cargo ticket № 3003717, on one page;
- copies of MDP «CARNET TIR» № № PX49406193, XN4967423, XH49372481, SX49406194 on ten pages.

Investigator of the 4th Department of the Investigation Part
of the Main Investigation Administration
by the Main Board of Internal Affairs
of St. Petersburg and the Leningrad province
captain of justice                                                                I. N. Belyakova

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST      )
FROM RUSSIA                  )
IN THE MATTER OF             )   Misc No. 08-
FORMAS, LLC                  )

ORDER

      Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

      **ORDERED,** pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

      2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or

provided by the Russian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated:  This _____ day of _____, 2008.


_____
United States District Court Judge

2